IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHEL COTE,                    :
                                :
         Petitioner             :
                                :
     v.                         :   CIVIL NO. 4:CV-15-682
                                :
UNITED STATES OF AMERICA,       :   (Judge Brann)
                                :
         Respondent             :

**MEMORANDUM**

April 9, 2015

**Background**

Michel Cote, an inmate presently confined at the Moshannon Valley Correctional Institution, Philipsburg, Pennsylvania (Moshannon Valley) filed this pro se action which will be construed as seeking habeas corpus relief under 28 U.S.C. § 2241.[1] Petitioner has neither paid the required filing fee nor filed an in forma pauperis application.

---

[1] Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

1

Named as sole Respondent is the United States of America.[2] Petitioner indicates that he is a non-violent offender presently serving a federal criminal sentence. Cote states that he is willing to "waive his rights for deportation hearings" prior to the completion of his sentence. Doc. 1, ¶ 2.

Petitioner's pending action does not challenge the legality of his federal criminal conviction or resulting sentence. Rather, Cote requests as relief only that he be immediately deported without having to complete the remainder of his federal sentence. For the reasons outlined below, Cote's action will be transferred to the United States District Court for the Western District of Pennsylvania.

**Discussion**

Relief under § 2241 may only be sought in the district court having jurisdiction over a petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district; the district of confinement); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).

Although having a mailing address as Philipsburg, Pennsylvania, which is located in Centre County and within the confines of the Middle District of

---

[2] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, in this case the Moshannon Valley Warden. See 28 U.S.C. § 2242.

Pennsylvania, Moshannon Valley Correctional Center is actually located in Decatur Township, Clearfield County, Pennsylvania, which is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. See Tsoukalas v. United States, 215 Fed. Appx. 152 (3d Cir. 2007)(jurisdiction over a § 2241 petition filed by Moshannon Valley inmate rests with the United States District Court for the Western District of Pennsylvania).

As recognized in Tsoukalas, this Court lacks jurisdiction over the Warden of Moshannon Valley. A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). Pursuant to Rumsfeld, this matter will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to § 1404(a). An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge